UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 17 2014
Clerk, U.S. District and
Bankruptcy Courts

Stephen P. Wallace,  )
  )
    Plaintiff,  )
  )  Case: 1:14-cv-01931
v.  )  Assigned To : Unassigned
  )  Assign. Date : 11/17/2014
U.S. Senate Select Committee  )  Description: Pro Se Gen. Civil
on Ethics *et al.*,  )
  )
    Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Aurora, Illinois, who purports to be a "Private Attorney General" suing on behalf of himself and "all US Tax Payers adversely affected by covert Civil Rights and RICO violations perpetrated Under Color of Law[.]" Compl. at 1. Plaintiff sues the Senate Ethics Committee and "John Does 1-7 not yet named." Compl. Caption. He seeks a preliminary injunction "on U.S. Senator James Inofe's pending Candidacy for the upcoming November 4[th] 2014, Mid-Term Election" and an order for the Committee to hold a "formal hearing, with Subpoenas issued," on an unspecified topic. Compl. at 4. The former claim premised on Senator Inofe's candidacy is dismissed as moot.

1

Under the doctrine of sovereign immunity, the federal government is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"); *see also* 28 U.S.C. § 2671 (including the legislative branch in the definition of "Federal agency" for purposes of tort claim liability). "Congress [has] not waive[d] the United States' sovereign immunity for suits for treble damages under the RICO Act." *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013) (citing *Norris v. Dep't of Defense*, No. 96–5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997)). In addition, the civil rights statute plaintiff invokes, 42 U.S.C. 1983, creates a private cause of action against state actors for constitutional violations and, therefore, does not apply to the federal defendant named here. Hence, any claim plaintiff purports to bring under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, and § 1983 is foreclosed by sovereign immunity.

Because of the separation of powers doctrine, this Court cannot order the Senate Ethics Committee to hold a hearing. The U.S. Constitution provides that [a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const., art. I, § 1. It is "a basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another." *Loving v. United States*, 517 U.S. 748, 757 (1996); *see Clinton v. Jones*, 520 U.S. 681, 701 (1997) ("We have recognized that '[e]ven when a branch does not arrogate power to itself . . . . the separation-of-powers doctrine requires that a branch not impair another in the performance of its constitutional duties.") (quoting *Loving*, 517 U.S. at 757). Hence, this claim, too, is foreclosed.

2

In addition to the foregoing reasons for dismissal, the law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The instant complaint satisfies this standard as well. Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: November 11th, 2014